UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HHF Collective, LLC<br><br>  Plaintiff,<br><br>v.<br><br>Devora Enterprise L.L.C. d/b/a De'Vora,<br><br>  Defendants. | Civil Action No:  1:25-CV-0200 (MAD/ML)<br><br>**JURY TRIAL DEMANDED** |

Plaintiff HHF Collective LLC ("Plaintiff" or "HHF"), by and through its undersigned counsel, for its Complaint against Devora Enterprise L.L.C. d/b/a De'Vora ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action arising under the patent laws of the United States, Title 35, United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. HHF seeks a declaratory judgment that its "Dog Nail Scratch Board" product does not infringe U.S. Patent No. 11,930,789 ("the '789 Patent") purportedly owned or controlled by Defendant. Plaintiff further brings supplemental state law claims for damages resulting from Defendant's wrongful complaint to Amazon, which caused the suspension of Plaintiff's product listing and consequent lost sales.

## PARTIES

2. Plaintiff HHF Collective LLC is a limited liability company organized and existing under the laws of New York, with a principal place of business located at 8 Frederick Place, Delmar, New York 12054. Plaintiff is engaged in the business of selling pet grooming and related products, including the accused Dog Nail Scratch Board ("Accused Product").

1

3.      Upon information and belief, Defendant Devora Enterprise L.L.C. is a limited liability company organized and existing under the laws of New Jersey having a principal place of business at 145 E. Delilah Rd, Pleasantville, New Jersey 08232. Defendant claims to own or control the '789 Patent and is the party who filed a complaint against the Accused Product listing on Amazon.com, causing it to be suspended.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over the declaratory judgment claim pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201, as it arises under the patent laws of the United States and seeks a determination of rights under a U.S. patent.

5.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as those claims form part of the same case or controversy and share a common nucleus of operative facts with Plaintiff's federal declaratory judgment claim.

6.      This Court has personal jurisdiction over Defendant under New York CPLR §§ 302(a)(1), (a)(2), (a)(3)(i) and/or (a)(3)(ii) because, on information and belief, Defendant transacts business in this District, has directed accusations of infringement into this District, and has caused harm to Plaintiff in this District by causing Amazon.com to suspend Plaintiff's product listing, thereby foreclosing sales to customers within this District.

7.      Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because, on information and belief, Defendant is subject to personal jurisdiction in this District and a substantial part of the events giving rise to the claims occurred in this District.

## FACTUAL BACKGROUND

A.  **The '789 Patent and the Accused Product**

8.  Defendant purports to own or control the '789 Patent, titled "Pet Toy", which claims a pet toy having particular structural features, including at least one handle made of elastic material, scent cavities, and a guard projection preventing abrasive material from contacting a flat surface.

9.  Plaintiff sells a "Dog Nail Scratch Board" product (ASIN: B0DB9Q5GDJ) designed as a pet grooming tool to help pets naturally file their nails. It includes an abrasive surface on which a pet can scratch its nails. It does not, however, include the claimed scent cavities, elastic handles with grooves, or guard projections as described and claimed in the '789 Patent.

10. Plaintiff has carefully analyzed the claims of the '789 Patent and compared them to the structure and function of its Dog Nail Scratch Board. This analysis confirms that the accused product does not incorporate all of the elements of any independent claim of the '789 Patent, and therefore does not literally infringe the '789 Patent.

11. Plaintiff's product also does not perform substantially the same function in substantially the same way to achieve substantially the same result as the patented invention. The differences are not insubstantial. Accordingly, Plaintiff's product does not infringe under the doctrine of equivalents.

12. On or about October 21, 2024, Defendant filed a complaint with Amazon.com (Complaint ID: 16509328131) alleging that Plaintiff's Dog Nail Scratch Board infringes the '789 Patent. As a result, Amazon.com suspended the listing for Plaintiff's product, causing Plaintiff to lose sales and suffer irreparable harm to its marketplace reputation.

**B.     Plaintiff's Demand for Withdrawal and Notice of Non-Infringement**

13.     On November 22, 2024, Plaintiff, through its counsel, sent Defendant a letter (the "November 22nd Letter") explaining that the Dog Nail Scratch Board does not infringe the '789 Patent. The letter requested that Defendant immediately withdraw its Amazon complaint. A copy of the November 22nd Letter is attached as Exhibit A hereto.

14.     The November 22nd Letter identified numerous claim elements present in the '789 Patent that are absent from Plaintiff's product, including:

    a. circular scent cavities configured to receive a scent material

    b. handles or handles with grooves designed for pet teeth cleaning

    c. guard projection extending perpendicularly from the pad surface.

15.     Despite these clear differences, Defendant has failed to withdraw the Amazon complaint. As a result, Plaintiff's listing remains suspended, and Plaintiff continues to suffer lost sales and damage to its business.

16.     On or about December 6, 2024, Plaintiff sent a follow-up letter (the "December 6th Letter"), again warning that failure to withdraw the complaint would leave Plaintiff no choice but to take legal action. A copy of the December 6th Letter is attached as Exhibit B hereto.

17.     On or about December 28, 2024, Plaintiff sent a final email to Defendant with a copy of the December 6th Letter (the "December 28, 2024 Email"), again warning that failure to withdraw the complaint would leave Plaintiff no choice but to take legal action. A copy of the December 28, 2024 Email is attached as Exhibit C.

18.     Defendant responded to the December 28th Email on December 29, 2024, but continues to maintain infringement by the Accused Product of the '789 Patent and refuses to withdraw the Amazon Complaint.

19. Accordingly, an actual and justiciable case or controversy exists between Plaintiff and Defendant.

## COUNT I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 11,930,789

17. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

18. An actual and justiciable controversy exists between Plaintiff and Defendant regarding whether the Accused Product infringes the '789 Patent. Defendant has accused Plaintiff's product of infringement, causing Amazon to remove Plaintiff's listing of the Accused Product, and has refused to withdraw that accusation despite being presented with evidence of non-infringement.

19. The Accused Product does not meet every limitation of any claim of the '789 Patent, nor is it substantially equivalent to the claimed invention under the doctrine of equivalents.

20. Plaintiff seeks a declaratory judgment under 28 U.S.C. § 2201 that its product does not infringe the '789 Patent, either literally or under the doctrine of equivalents.

## COUNT II: TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE (COMMON LAW)

21. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

22. Plaintiff had a reasonable expectation of economic advantage in the continued sale of the Accused Product on Amazon.com. Plaintiff's Amazon listing was generating steady sales and a growing customer base.

23. Defendant wrongfully filed a complaint with Amazon alleging that the Accused Product infringed the '789 Patent, without a good faith basis and with knowledge that the Accused Product did not infringe.

24. As a direct and proximate result of Defendant's wrongful filing, Amazon removed Plaintiff's listing of the Accused Product, thereby preventing Plaintiff from selling its product and depriving Plaintiff of anticipated revenues and profits.

25. Defendant's actions were intentional, willful, and designed to prevent or interfere with Plaintiff's prospective economic advantage. Defendant's interference was without justification, as there was no legitimate infringement claim.

26. Plaintiff has suffered damages, including lost sales, loss of goodwill, and other harm as a direct result of Defendant's tortious interference.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendant as follows:

A. A declaration that the Accused Product does not infringe U.S. Patent No. 11,930,789, either literally or under the doctrine of equivalents.

B. An order compelling Defendant to promptly request withdrawal of its Amazon complaint and to take all necessary steps to restore Plaintiff's listing for the Accused Product (ASIN: B0DB9Q5GDJ).

C. Damages in an amount to be determined at trial, including but not limited to compensatory damages for lost sales and profits resulting from the wrongful suspension of Plaintiff's Amazon listing.

D. Pre- and post-judgment interest at the maximum rate allowed by law.

E.  An award of Plaintiff's costs and reasonable attorneys' fees in this action, to the extent permitted by law.

F.  Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: February 10, 2025

Respectfully submitted,

/s/ Thomas L. Sica
Thomas L. Sica
Heslin Rothenberg Farley & Mesiti P.C.
5 Columbia Circle
Albany, NY 12203
Telephone: 518-452-5600
Email: Thomas.sica@hrfmlaw.com


/s/ Frank W. Compagni
Frank W. Compagni
Utah Bar No. 7174
Morriss O'Bryant Compagni Cannon, PLLC
4505 S. Wasatch Blvd., Ste 270
Salt Lake City, Utah 84124
Telephone: 801-478-0071
Email: fcompagni@mocclaw.com

Attorneys for Plaintiff HHF Collective LLC