# EXHIBIT A



**November 22, 2024**

**Via Email**
(scratchswquare@gmail.com)

Debora LoFranco
Devora Enterprise dba De' Vora
145 E. Delilah Rd
Pleasantville, NJ 08232

**Re:** Amazon Complaint for Alleged Patent Infringement of U.S. Patent No. 11,930,789
**Complaint ID:** 16509328131
**ASIN**: B0DB9Q5GDJ
**Our File:** P00190HHF

Dear Ms. LoFranco,

We represent HHF Collective LLC, the seller of the Dog Nail Scratch Board (ASIN: B0DB9Q5GDJ) that was recently delisted due to a complaint (Complaint ID: 16509328131) filed by you for alleged patent infringement of U.S. Patent No. 11,930,789 ("the '789 Patent"). We respectfully demand immediate withdrawal of the Complaint for reinstatement of our client's product listing, as its product does not infringe any claim of the '789 Patent, either literally or under the doctrine of equivalents.

**I. Background**

The '789 Patent pertains to a specific pet toy design with particular features outlined in its claims. The '789 Patent includes two independent claims, Claim 1 and Claim 18. Our client's Dog Nail Scratch Board ("Accused Product") is a pet grooming tool designed to help pets naturally file their nails. The images below provide a side-by-side comparison of Figure 1 of the '789 Patent and the Accused Product.

*[THIS PORTION INTENTIONALLY LEFT BLANK]*

November 22, 2024
Page 2



**Patented Device**              **Accused Product**

Upon a thorough analysis of the claims as set forth below, it is clear that the Accused Product does not incorporate the patented features as claimed in the '789 Patent and therefore does not infringe the '789 Patent.

## II. Legal Analysis

To establish patent infringement, every limitation set forth in at least one independent claim must be found in the Accused Product, either literally or under the doctrine of equivalents. (See *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 29 (1997)).

### A. Literal Infringement

Literal infringement requires that the Accused Product contain each and every element of the claim exactly. (*Southwall Techs., Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1575 (Fed. Cir. 1995)).

### B. Doctrine of Equivalents

Under the doctrine of equivalents, the Accused Product may infringe if it performs substantially the same function in substantially the same way to achieve substantially the same result as the claimed invention. (*Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*, 339 U.S. 605, 608 (1950)). Furthermore, prosecution history estoppel prevents expanding the scope of the claims to cover the Accused Product, as elements material



to the patentability of the '789 Patent were amended to overcome cited prior art. (*Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 733 (2002)).

### III. Claim Analysis and Comparison

To demonstrate the absence of infringement, we have prepared a detailed claim chart comparing each element of the independent claims (Claims 1 and 18) of the '789 Patent with the features of the Accused Product.

**Claim Charts Comparing U.S. Patent No. 11,930,789 and the Accused Product**

**Claim 1 of the '789 Patent**

| Claim Element | Presence in Accused Product | Explanation |
| --- | --- | --- |
| A pet toy comprising: a body having an upper face, a lower face, a top side, a bottom side, a left side, and a right side | Present at least in part | Accused Product has a body with a top side, a bottom side, a left side, and a right side. |
| At least one of the upper face and the lower face having: a pad surface for adhering an abrasive material | Present at least in part | Accused Product includes an abrasive material. |
| And one or more substantially circular scent cavities configured to receive a scent material | **Not Present** | Accused Product does not have any scent cavities or features for receiving scent materials. |
| The body having an internal central cavity | Present | Accused Product has an internal central cavity. |
| At least one aperture formed in the body for accessing the internal central cavity | Present | Accused Product has an aperture for accessing the internal central cavity. |
| At least one handle, made of an elastic material, extending from the group consisting of the top side, the bottom | **Not Present** | Accused Product does not have any handles made of elastic material or otherwise. |

4505 S. Wasatch Blvd, Suite 270 • Salt Lake City, Utah 84124 • 801-478-0073 • support@primetrademarkservices.com



| Claim Element | Presence in Accused Product | Explanation |
|---|---|---|
| side, the left side, and the right side of the body for grasping the pet toy Wherein the handle includes a plurality of grooves sized and positioned to be contacted by pet teeth and configured to clean the pet teeth. | **Not Present** | Accused Product does not have any such handle or grooves. |

### Claim 18 of the '789 Patent

| Claim Element | Presence in Accused Product | Explanation |
|---|---|---|
| A pet toy comprising: a body having an upper face, a lower face, a top side, a bottom side, a left side, and a right side | Present at least in part | Accused Product has a body with a top side, a bottom side, a left side, and a right side. |
| At least one of the upper face and the lower face including: a pad surface for adhering an abrasive material | Present at least in part | Accused Product includes an abrasive material. |
| And a guard projection extending in a perpendicular direction with respect to the pad surface and configured to prevent the abrasive material from contacting a flat surface upon which the pet toy is placed | **Not Present** | Accused Product does not have any guard projection as described. |
| The body having an internal central cavity | Present | Accused Product has an internal central cavity. |
| At least one aperture formed in the body for accessing the internal central cavity | Present | Accused Product has an aperture for accessing the internal central cavity. |

4505 S. Wasatch Blvd, Suite 270 • Salt Lake City, Utah 84124 • 801-478-0073 • support@primetrademarkservices.com



November 22, 2024<br/>
Page 5

| | | |
|---|---|---|
| At least one handle extending from the group consisting of the top side, the bottom side, the left side, and the right side of the body for grasping the pet toy. | **Not Present** | Accused Product does not have any handles. |

As demonstrated in the claim charts above, the Accused Product lacks several critical elements of both independent claims 1 and 18 of the '789 Patent and therefore does not literally infringe the claims of the '789 Patent. Specifically:

- **Scent Cavities:** The Accused Product does not have any substantially circular scent cavities configured to receive a scent material.

- **Handles or Handles with Grooves:** The Accused Product does not have any handles, let alone handles with grooves designed for pet teeth cleaning.

- **Guard Projection:** The Accused Product lacks any guard projection extending perpendicularly from the pad surface.

Moreover, the absence of the above elements cannot be considered insubstantial differences. The scent cavities, handles, handles with grooves for teeth cleaning, and guard projection are significant features that contribute to the patented invention's functionality. The Accused Product operates differently and does not achieve the same results as intended by these specific claim elements. Therefore, the Accused Product does not infringe the claims of the '789 Patent under the doctrine of equivalents.

### IV. Demand

Given the substantial differences between our client's Dog Nail Scratch Board of the Accused Product and the claims of the '789 Patent, there is no infringement under U.S. patent law and no good faith basis for having filed the Amazon Complaint. Therefore, we demand that you immediately withdrawal of the Amazon Complaint against the product listing for ASIN B0DB9Q5GDJ. Please note that as a result of the filing of Complaint, our client has suffered damages in the form of lost sales, which continue to accrue. Should you fail to withdraw the Amazon Complaint as demanded herein, our client is prepared to take whatever legal action may be necessary.



November 22, 2024
Page 6

Please let us know by close of business on **Wednesday, November 27, 2024**, if you agree to comply with the demand set forth above.  Any such reply to this letter should be directed to the undersigned attorney via email.  If you are represented by counsel, we ask that you promptly forward a copy of this letter to them.

Best Regards,

Frank W. Compagni
frankc@primetrademarkservices.com